IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>HENRY REED,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION<br><br><br>Case No. 2:15-CR-752 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant's Motion for Sentence Reduction. For the reasons discussed below, the Court will deny the Motion.

## I.　BACKGROUND

　　　　Defendant was charged with one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C § 922(g)(1).[1] The charge arose from a December 9, 2015 arrest, when officers located Defendant with a .22LR Sportsman firearm.[2] Defendant had previously been convicted of a qualifying offense in state court.[3] On February 18, 2016, Defendant pleaded guilty to the sole charge and was sentenced to 57 months.[4] He has now served approximately 32 months of that sentence, with a projected release date of November 5, 2023.[5] Defendant now seeks release, arguing that there are extraordinary and compelling

---

[1] Docket No. 1.
[2] Docket No. 28.
[3] Docket No. 16.
[4] Docket No. 15.
[5] Docket No. 28 at 3.

1

circumstances for a sentence reduction, specifically: concerns for his minor daughters and the care of his new grandson.

## II.  LEGAL STANDARD

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[6] Under 18 U.S.C. § 3582(c)(1)(A) the district court may modify a term of imprisonment under certain circumstances.  Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.[7]

Where, as here, a defendant has fully exhausted his administrative rights, the Court may reduce a defendant's term of imprisonment when: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[8] The Tenth Circuit stated that "district courts may deny compassionate-release motions when any of the three prerequisites listed in

---

[6] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (internal citations omitted).

[7] 18 U.S.C. § 3582(c)(1)(A).

[8] *Id.*; *see United States v. McGee,* 992 F.3d 1035, 1042 (10th Cir. 2021).

2

§ 3582(c)(1)(A) is lacking and do not need to address the others."[9]

### III. DISCUSSION

"[D]istrict courts, in applying [the § 3582(c)(1)(A) test], have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons.'"[10] However, this authority is "circumscribed" by the second part of the test: whether a reduction is consistent with applicable United States Sentencing Commissions policy statements [11] Section 3582(c)(1)(A) does not define "extraordinary and compelling reasons." Further, in two recent decisions, the Tenth Circuit has held that United States Sentencing Commission Guideline §1B1.13 is not presently an "applicable" policy statement that controls the definition of "extraordinary and compelling reasons" when a prisoner initiates a § 3582(c)(1)(A) proceeding.[12] Instead, "the Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."[13]

The Tenth Circuit recognizes that it is within the district court's discretion to conclude that the existing USSG § 1B1.13 policy statement still provides the best description of whether the circumstances warrant relief.[14] In regard to family circumstances, USSG § 1B1.13 states "extraordinary and compelling circumstances" exist in the instance of "the death or incapacitation of the caregiver of the defendant's minor child or minor children," and "the

---

[9] *McGee*, 992 F.3d at 1043 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

[10] *Id.* at 1045 (quoting § 3582(c)(1)(A)).

[11] *Id.*

[12] *Id.* at 1050; *United States v. Maumau*, 993 F.3d 821, 836–37 (10th Cir. 2021).

[13] *McGee*, 992 F.3d at 1050; *see also Maumau*, 993 F.3d at 837 (same).

[14] *United States v. Carr*, 851 F.App'x 848, 853 (10th Cir. 2021).

incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."[15]

Defendant argues that his two daughters' circumstances constitute extraordinary and compelling reasons for his early release. He discloses that his fourteen-year-old daughter is struggling both emotionally and mentally and his sixteen-year-old daughter left his sister's home and is now homeless with her infant son. Although not binding, in light of USSG § 1B1.13, the present circumstances do not involve death or incapacitation of the children's caregiver. Defendant alleges that his sister has health problems but does not provide a specific diagnosis or argue she is incapacitated, rather, he argues that he should be released to support his daughters and grandson. Even without considering § 1B1.13, the circumstances fail to rise to the level of "extraordinary and compelling reasons." The circumstances alleged are undoubtedly difficult; however, they are not unique to Defendant—familial hardship often results from criminal conduct.  Given the Defendant's failure to present extraordinary and compelling reasons for a sentence reduction, the Court need not address the additional prerequisites listed in § 3582(c)(1)(A).

---

[15] U.S.S.G. § 1B1.13, cmt. n. 1(C).

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Sentence Reduction (Docket No. 27) is DENIED.

DATED this 22nd day of March, 2022.

BY THE COURT:

Ted Stewart
United States District Judge